### STATE v. VALENTINE BENDER.

Court of Quarter Sessions.  Kent.  December, 1793.

*Clayton's Notebook, 2.**

---

* This case is also reported in *Bayard's Notebook, 34; Read's Notebook, 12; Miller's Notebook, 33; Wilson's Red Book, 11.*

*Fisher,* for defendant, objected; and read 2 Del.Laws 887, February 3, 1787, and cited *Collins v. Hall* in Supreme Court, Sussex County, in which the Court rejected the testimony of one Levin Thomson who derived his descent from parents that were slaves.

*Ridgely,* Attorney General. The case of *Collins v. Hall* was not like the present. There the suit was between two whites. The witness is admissible at common law. The Act of Assembly gives the same "rights to obtain redress in law and equity for any injury to his or her person or property" to Negroes as to freemen. The means of protecting those rights are likewise given by implication. The necessity of the case will often render testimony competent which would not otherwise be good. *E. g.,* in a suit against a common carrier, the sheriff was admitted as a witness to prove the articles put into the box—*ex necessitate rei,* 12 Vin.Abr. 24 pl. 34, 25 pl. 38. The assault and battery in this case was committed when no third person was present. In all prosecutions of this kind, if the Negro be not admitted, there can be no proof and of course no conviction.

*Fisher,* in reply. A positive law should never yield to arguments of convenience or necessity; but giving to the argument *ab inconvenienti* all the force contended for, it is strongly in our favor. If Negroes be admitted as witnesses against white people, there is an end to our security; it would throw open the door to perjury with all its consequences. Rapes would be charges of every day against white men by female Negroes. Their education in this country is so corrupt and vicious that they have very little regard for truth even though under the obligation of an oath. Their jealousy excited by a difference in situation which would give their testimony the most dangerous and vindictive tendency is an ample, strong reason for their exclusion. The cases from Viner do not apply. They are grounded also on principles of common law, this on statute. *Collins v. Hall* is in point.

BASSETT, C. J. The Court have found themselves involved in embarrassment as to the questions before them and could have wished for more time. It is however the opinion of a majority of the court that the witness is admissible—his credit to be left to the jury. The objection arises upon the Act of Assembly; at common law the witness would be competent. In order to form a proper construction of any Act the whole must be taken together. The first part of the 8th section enacts that "no slave

manumitted agreeably to the laws of the state or made free in consequence of this Act, or the issue of any such slave shall give evidence against any white person," etc. The latter part of the same section gives them certain rights of freemen, "to hold property, to obtain redress in law and equity for any injury to their persons or property." The latter part controls or qualifies the former.

Negroes are allowed the same redress for injuries to their persons with whites. Indictment is one mode—principally useful when the party injured is the only witness to the facts necessary to be proved. The Act must be so construed as to allow the means absolutely necessary to obtain the redress, the right to which is given in express terms.

We still allow sufficient operation to the first part of the section, for we do not mean to say that a Negro is a competent witness between two whites, or in cases where other proof can be obtained, but only in cases where justice must otherwise fail.

RODNEY, J., concurring. McDONOUGH, J., dissenting.
Witness admitted.